IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLIE MILLER                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 1:20-cv-00223-GHD-DAS

CITY OF MABEN, MISSISSIPPI; et al.                                               DEFENDANTS

## ORDER GRANTING DEFENDANT'S
## MOTION TO SET ASIDE ENTRY OF DEFAULT

Presently before the Court is the Defendant's motion [9] to set aside Clerk's entry of default [7]. Upon due consideration, the Court finds that the motion is well taken and shall be granted.

On November 3, 2020, the Plaintiff filed the Complaint [1] in this case. The Defendant was served with process on November 23, 2020 [4], giving it a deadline of December 14, 2020, to file a responsive pleading. On December 17, 2020, the Plaintiff filed a Motion for Entry of Default [6], and on December 18, 2020, the Clerk entered an Entry of Default [7].

On December 21, 2020, the Defendant filed both an Answer [8] as well as the present motion to set aside the Clerk's entry of default [9], requesting that the Clerk's entry of default be set aside.

The Fifth Circuit set forth the pertinent law with respect to entries of default as follows:

> Under Rule 55, a district court "may set aside an entry of default for good cause." FED. R. CIV. P. 55(c). The language of this rule is discretionary, and "the decision to set aside a default is committed to the sound discretion of the trial court." *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). Furthermore, district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense. *See id.* at 183–84; *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183–84 (5th Cir. 1985). This is because "courts universally favor trial on the merits." *Dierschke*, 975 F.2d at 183 (internal quotation marks

omitted).

*Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015).

In the case *sub judice*, the Defendant asserts that good cause exists to set aside the Clerk's entry of default based upon the fact that the Defendant's liability insurance had lapsed prior to the filing of this lawsuit, thereby necessitating that the Defendant itself hire outside counsel to assist its board attorney in defending this matter.

Based on the foregoing, the Court finds that the Defendant's motion to set aside the Clerk's entry of default in the case *sub judice* should be granted – the Defendant has indicated that its failure to file a responsive pleading was not willful; the Plaintiff will not be prejudiced by the setting aside of the entry of default; and there is no indication that the Defendant does not have a meritorious defense to the Plaintiff's claim. The Defendant clearly and quickly demonstrated its intent to defend this suit – it filed the present motion, as well as an Answer, within four days of the Clerk's Entry of Default and within seven days of its original deadline to respond to the Complaint. The Court finds that the Plaintiff will not be prejudiced given the rapid manner in which the Defendant filed its Answer and this motion.

ACCORDINGLY, it is hereby ORDERED that the Defendant's motion to set aside the Clerk's entry of default [9] is GRANTED and the entry of default entered by the Clerk on December 18, 2020 [7] is hereby SET ASIDE; the responsive pleading the Defendant filed on December 21, 2020 [8] to the Plaintiff's complaint is hereby deemed to constitute the Defendant's Answer to the Plaintiff's Complaint.

THIS, the 5th day of January, 2021.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE